**Riley GOODNOUGH et al., Appellants,**

v.

**NATURAL GAS PIPELINE COMPANY OF AMERICA, Appellee.**

**No. 8009.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 19, 1970.

Rehearing Denied Feb. 16, 1970.

Witherspoon, Aikin, Thomas & Langley and Thomas W. Kendrick, Hereford, for appellants.

Culton, Morgan, Britain & White and L. A. White, Amarillo, for appellee.

NORTHCUTT, Justice.

This is an appeal from the verdict of a jury in a condemnation case. Natural Gas Pipeline Company of America filed its statement or petition for condemnation seeking to condemn a right of way and easement to construct, operate and maintain a natural gas pipeline across lands owned by appellants, Riley Goodnough and wife, Lola Goodnough and farmed by JeDon Gallman and wife, Kitty Gallman.

The trial was had before a jury after admissions were filed to the effect that the only issue in the case related to the amount of the damages to which the condemnees were entitled.

The Goodnoughs and Gallmans will hereinafter be referred to as appellants and the pipeline company as appellee. The appellee in setting out the limitations imposed upon the right of way sought to be acquired by it pleaded in part that it did not seek to and would not acquire in this proceedings as follows:

"8. Petitioner does not seek to, and shall not, acquire in this proceeding:

(a) Any right to in any way damage at any time, now or in the future, any crops on any portion (exclusive of the right of way strip itself) of respondents' land, through the exercise of any of the rights herein acquired, and the right of way acquired by petitioner herein is expressly limited so as to exclude any right in petitioner to effect any interference with any crops on the remainder (exclusive of the right of way strip) of respondents' land, and petitioner shall, from time to time during the existence of such right of way, remain liable to respondents, their successors and assigns for any damages to crops resulting from the construction, operation or maintenance of petitioner's line on said land.

(b) Any right to in any way damage after the period of initial construction, (which period shall terminate during the year 1967) any crops on any portion of

the right of way strip through the exercise of any of the rights acquired by petitioner in this proceeding, and the easement acquired by petitioner herein is expressly limited so as to exclude any right in petitioner to effect any interference with or damages to any crops on the right of way strip in years subsequent to the year 1967 without being liable to respondents, their successors and assigns for loss of, or damage to, said crops resulting from the construction, operation or maintenance of petitioner's line on said land, and petitioner shall, from time to time during the existence of such right of way subsequent to the initial construction period in the year 1967, remain liable to respondents, their successors and assigns for any loss of or damages to crops on the right of way strip resulting from the construction, operation or maintenance of petitioner's line on said land.

(c) Any rights in any oil, gas or other minerals in, on or under said land and all such rights in any oil, gas or other minerals are expressly excluded from any effect by this proceeding and are hereby expressly left to respondents as their interests therein exist.

9. The respondents, as landowners, shall retain, and the right of way acquired herein by petitioner shall be and is limited so as to permit to the respondents:

(a) Subsequent to the initial construction period, the right to farm upon, irrigate across or upon, or use for agricultural or livestock purposes, any part of said land, including that part thereof included within the right of way strip itself;

(b) During the initial construction period and at all times thereafter, to make any use whatsoever of the land off of the right of way strip;

(c) Subsequent to the initial construction period, to erect, construct and maintain upon the right of way strip any structure, save and except a building or similar structure which would render it unfeasible or unreasonably difficult for petitioner to operate or maintain its said line.

(10). Petitioner accordingly limits the right of way to be acquired by it herein in the particulars above designated and seeks only to acquire a right of way easement as so limited."

Appellants excepted to said pleadings of limitation as set out above and the trial court overruled the exceptions. The court in its charge instructed the jury in part as follows:

"B. You are further instructed that the 4.587-acre strip of land covered by the right-of-way in question may be used by the pipeline company for the specified purposes set out in the pipeline company's petition, and for no other purpose; so that the underlying title to the lands covered by the right-of-way and the remainder of the land exclusive of the strip, as well as the right to use, occupy and enjoy such land and property, remains in the original landowners, Riley Goodnough and wife and Jedon Gallman and wife; provided however, that such use, occupancy and enjoyment of the landowners is not inconsistent with, or does not interfere with, the designated and specified uses of such land, for the purposes for which the right-of-way is being acquired.

C. You are further instructed that there have been excluded from the taking herein, and the pipeline company does not acquire, the rights specifically excluded from the taking as the same are described in the pipeline company's petition for condemnation."

Appellants filed their objections to the court's charge and especially to the instructions set out above but said exceptions were overruled. Appellants present this appeal upon four points of error. Points 1 and 2 are as follows:

"Point One. The trial court materially erred in refusing to strike portions of

Natural's pleadings designed to limit the recovery of these defendants without a corresponding limitation in the rights taken.

Point Two. The court committed material error in submitting plaintiff's requested charge, over the objections of the defendants, which contained numerous references to the purported limitations on the taking, and amounted to a comment on the weight of the evidence by the court."

Since we are of the opinion that appellants' points 1 and 2 should be sustained and the case remanded, we will not consider the remaining two points as they may not arise on another trial.

We are of the opinion the exact points here involved have been determined by the Supreme Court in the White case hereinafter referred to. The Natural Gas Pipeline Company of America brought condemnation proceedings against Vada White in Deaf Smith County, Texas, and pleaded the same limitations as the ones pleaded in the case here. Vada White excepted to the same limitations here in question and the trial court in the White case sustained the exceptions. The same exceptions were presented in this case as in the White case and the exceptions were overruled.

In the case of Natural Gas Pipeline Company of America v. White et al., Tex. Civ.App., 436 S.W.2d 944, Natural made the same contention as presented here, that is, that since the federally created right of eminent domain exercised by the appellee is governed by the federal law and constitution as interpreted by the federal courts, that appellee was entitled to plead the limitations as pleaded. The holding of the two trial courts are in direct conflict. In the White case the trial court held the limitations pleaded should be stricken. In the case here the trial court held the limitations should be permitted.

This court held in the White case, 436 S.W.2d 944 that the trial court erred in striking from Natural's pleading the limitations on the right which Natural sought to acquire of eminent domain. The Supreme Court in 444 S.W.2d 298 affirmed the judgment of this court in the White case on a matter not here involved, but held the trial court properly sustained the special exceptions to the provisions as to the limitations pleaded by Natural. Consequently, the holding of the trial court in this case holding that Natural was entitled to such limitations is in direct conflict with the holding of the Supreme Court and therefore is error and the case should be reversed. Judgment of the trial court is reversed and remanded.